UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN DILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-1822-G |
| TONY CLAYBORNE, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Darren Diles ("Diles" or "the plaintiff"), to remand this case to the state court from which it was removed. For the reasons stated herein, the motion is denied.

## I. BACKGROUND

The plaintiff filed his original petition in state court on September 25, 2007, for injuries sustained in an automobile accident that occurred in Dallas County, Texas. *See* Notice of Removal ¶ 4. The defendants, Tony Clayborne ("Clayborne") and Quality Transport, Inc. ("QTI") (collectively, "the defendants"), removed the action from state court on October 31, 2007, asserting complete diversity of

citizenship between Diles and the defendants and an amount in controversy of $250,000, based on a demand letter received from Diles dated April 12, 2007. *See id.* ¶ 7, Exhibit A. Diles moved to remand the action to state court on November 30, 2007, alleging that the amount in controversy is insufficient to support jurisdiction. *See generally* Plaintiff's Motion to Remand ("Motion to Remand").

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*,

292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction can be exercised by the court if the case presents any issues "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000. *See* 28 U.S.C. § 1332(a).[1] The defendants assert only diversity jurisdiction in their notice of removal. Notice of Removal ¶ 5. Because the plaintiff concedes that the parties are diverse in citizenship, the only issue on this motion is whether the amount in controversy is at least $75,000, exclusive of interest and costs.

### A. Amount in Controversy

To establish jurisdiction when the plaintiff's state court petition does not allege a specific amount of damages, as in the instant case, the removing defendants must

---

[1] Section 1332 states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States . . .." 28 U.S.C. § 1332(a)(1).

prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A court may determine that removal is proper if it is facially apparent from the state court petition that the claims are likely above $75,000. See *id.* If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the notice of removal or in an affidavit submitted by the removing defendants to support a finding of the requisite amount. See *id.* While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), abrogated on other grounds, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). However, if it is facially apparent from the petition that the amount in controversy meets the statutory requirements for diversity jurisdiction, such post-removal affidavits do not deprive the district court of jurisdiction. *Id*.

The court is unable to discern from the "face of the petition" what the amount in controversy is, as the petition does not specify an amount of damages. *See* Plaintiff's Original Petition, *attached to* Defendants' Notice of Removal *as* Exhibit B-3.

Therefore, under *Allen*, the court may rely on either the facts asserted in the removal notice, or on any affidavits submitted by the defendants that support the requisite amount.

The defendants, in their notice of removal, sought to satisfy the amount in controversy requirement with a letter received from the plaintiff's counsel before the state petition was filed. *See* Notice of Removal ¶ 7. However, the plaintiff argues that the defendants may not rely on a demand letter sent *before* the filing of the state petition, citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164-65 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993). Motion to Remand ¶¶ 10-15. However, the primary concern of Fifth Circuit in *Chapman* was not whether a pre-suit demand letter could serve as a basis for satisfying the amount in controversy requirement, but whether such a letter began the thirty-day time period provided by 28 U.S.C. § 1446(b) in which a party can remove an action. *Chapman*, 969 F.2d at 164. The Fifth Circuit explicitly declined to decide whether a pre-suit demand letter could, after the filing of a petition, provide a basis for removal where a petition is silent on the amount of damages sought. *Id*. at n.8.

Here, however, as in *Chapman*, the court has additional evidence to consider, and it is not necessary for the court to find removal jurisdiction based on the pre-suit demand letter.[2] The defendants have submitted an affidavit which outlines the

---

[2] The defendants in *Chapman* had received an answer to an interrogatory
(continued...)

substance of a telephone call between counsel for the parties which occurred after the filing of the original petition but before the defendants removed the case. *See* Affidavit of James M. Stanton, *attached to* Defendant's Response *as* Exhibit A. The affidavit alleges that the plaintiff's attorney stated the case could be resolved for $100,000, thus satisfying the amount in controversy for diversity jurisdiction at the time of removal. *Id.* Though the affidavit was provided "post-removal," the court is permitted to consider it because "the basis for jurisdiction [was] ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. The plaintiff has not disputed the contents of the Stanton affidavit, and the court accordingly finds that the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 724 (5th Cir. 2002) (undisputed affidavit proved jurisdictional amount).

Furthermore, once removal jurisdiction attaches, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 289-80 (1938)). The jurisdictional facts that support removal must be judged at the time of removal;

---

²(...continued)
after the original complaint that indicated the plaintiff had suffered injuries well in excess of the jurisdictional limits. *Chapman*, 969 F.2d at 161.

consequently, Diles' post-removal assertion that the amount in controversy is less than $75,000 cannot be considered on the question of subject matter jurisdiction.

III.  CONCLUSION

Because the amount sought by the plaintiff exceeds the $75,000 jurisdictional minimum, this court has subject matter jurisdiction over this case and the removal from state court was proper.  For the above stated reasons, the plaintiff's motion to remand is **DENIED**.

**SO ORDERED**.

January 16, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**